IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-216-1-BO

| | |
|---|---|
| FRANKLIN CANADY, JR., )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | **O R D E R** |

This cause comes before the Court on petitioner's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to void judgment and reinstate probation or in the alternative terminate sentence imposed for probation violation for lack of subject matter jurisdiction. [DE 19]. The relief which petitioner seeks is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) ("new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead [engaging in] collateral attack on his conviction or sentence."); *United States v. Lewis*, 392 F.2d 440, 443 (4th Cir. 1968) (sentence on probation revocation open to collateral attack under § 2255); *Milnes v. Samples*, 861 F.2d 265 (4th Cir. 1988) (same).

Thus, the Court hereby NOTIFIES petitioner of its intent to construe his Rule 60(b) motion as a motion pursuant to 28 U.S.C. § 2255. *Castro v. United States*, 540 U.S. 375, 377 (2003). The Court further WARNS petitioner of the effects of filing a motion pursuant to section 2255, including the restrictions on filing second or successive § 2255 motions, and advises him as to the requirements of § 2255. If petitioner does not wish his motion to be construed as a

motion pursuant to 28 U.S.C. § 2255, he must so notify the Court and withdraw or sufficiently amend his motion within forty-five (45) days of the date of entry of this order.

SO ORDERED, this ⟨2⟩ day of July, 2015.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE